UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARNEY MCNICHOLAS, INC., ) | CASE NO. 4:13CV2529 |
| ) | |
| Plaintiffs, ) | JUDGE JOHN R. ADAMS |
| ) | |
| vs. ) | |
| ) | |
| ECOLOGIC INDUSTRIES, LLC., ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | (Resolves Doc. 6) |
| ) | |

Pending before the Court is Defendant Ecologic Industries, LLC's motion to transfer this matter to the Northern District of Illinois, Eastern Division.  The motion to transfer is DENIED.

I. STATEMENT OF FACTS

The instant case arises from several contracts entered into by the parties.  In its complaint Plaintiff Carney McNicholas, Inc. asserts four claims of breach of contract, and four claims of unjust enrichment.  According to the complaint, Plaintiff is an Ohio Corporation with its principal place of business in Youngstown, Ohio.  Defendant is a limited liability company registered in Illinois with its principal place of business in Waukegan, Illinois.

The complaint asserts breach for three separate purchase orders Defendant issued to Plaintiff in 2012 and 2013.  Specifically, the contracts were for "(1) an agreement for Plaintiff to assemble, deliver and place furniture in student living facilities located in Kennesaw, Georgia ('Busbee Project'); (2) an agreement for Plaintiff to assemble, deliver and place furniture in student living facilities located in Richmond, Virginia ('Gilbane Project'); (3) an agreement for Plaintiff to assemble, deliver and place furniture in student living facilities located in Lexington, Kentucky ('Angliana Project'); and (4) an agreement for Plaintiff to transport materials between

the Angliana Project and the Busbee Project ('Transport Project') (collectively the 'Projects').

See Carney Aff. [Doc.9-1] at ¶4." Doc. 9, pg. 2. All of the communications leading up to the

Project purchase orders were conducted via email.

Plaintiff asserts that Defendant breached these contracts by failing to pay the invoices associated with the Projects. Defendant asserts that Plaintiff failed to properly perform the Projects pursuant to the Purchase Orders by

> failing to provide adequate supervision and manpower to timely deliver, unload and install the furnishings subject to each respective Purchase Order; failing to protect the furnishings designed and manufactured by Ecologic Industries from being damaged during delivery, unloading and installation; failing to properly perform the scope of work required by each respective Purchase Order resulting in backcharges for clean-up and damage to finishes; and failing to complete the scope of work required by each respective Purchase Order causing a replacement contractor to complete and remove and replace Carney's defective work.

Doc. 6, pg. 3.

As a result of this dispute, Carney filed suit in the Court of Common Pleas of Mahoning County. Ecologic removed the case to the U.S. District Court for the Northern District of Ohio. Defendant then filed a motion to transfer venue. The matter is ripe for this Court's review.

## II.   LEGAL STANDARD AND ANALYSIS

Defendant requests a transfer of venue in this case pursuant to 28 U.S.C. §1404. This section states in relevant part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the

> United States may be transferred under this section without the consent of the United States where all other parties request transfer.

The purpose of section 1404(a) is to transfer actions brought in a permissible yet inconvenient forum. *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir.1980). The Sixth Circuit has summarized 28 U.S.C. § 1404(a) to mean that a court should "consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interest of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991). The private interests include the convenience of the parties and witnesses, accessibility of sources of proof, and the costs of securing testimony. *Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 336 (6th Cir. Aug. 21, 2001), citing *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir.1984).

Public interests include having local controversies adjudicated locally, the relative administrative burden in the courts of the two forums, and the two courts' familiarity with the applicable law. *Id.* While the Court gives great weight to a plaintiff's choice of forum, "this factor is not dispositive." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir.1998) (citation omitted).  However, the defendant bears the burden of overcoming the presumption that the plaintiff chose the proper forum. See *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.*, 138 F.R.D. 89, 93 (N.D.Ohio 1991) (explaining that § 1404(a) does not require the defendant to make a "strong showing" of inconvenience as required by the forum non conveniens doctrine).

Ecologic contends that "[b]ecause Carney's allegations in the Complaint center on the alleged failure of Ecologic Industries to pay Carney's invoices for the Busbee Purchase Order,

3

the Gilbane Project Purchase order, and the Collegiate Project Purchase Order, a majority of the key testimony in this case will be derived from Ecologic Industries' operations and management personnel, all of which are located in Waukegan, Illinois." Ecologic seeks to have the case transferred to the Northern District of Illinois, Eastern Division.

Carney counters that

> In connection with Plaintiff's performance under the terms of the agreements for each of the Projects, neither Plaintiff nor any of its representatives travelled to or performed any services in Illinois. See Carney Aff. [Doc. 9-1] at ¶¶5-6. For the Busbee Project, Plaintiff received containers of imported furnishings at a warehouse near the Busbee Project site in Georgia, it delivered furnishings after a storage period to the Busbee Project site, it assembled some of the furnishings, and installed pieces of furniture in the buildings located at the Busbee Project site. See Carney Aff. [Doc. 9-1] at ¶15. For the Gilbane Project, Plaintiff received containers of imported furnishings at a warehouse near the Gilbane Project site in Virginia, it delivered furnishings after a storage period to the Gilbane Project site, it assembled some of the furnishings, and installed pieces of furniture in the buildings located at the Gilbane Project site. See Carney Aff. [Doc. 9-1] at ¶26. For the Angliana Project [also referred to as the "Collegiate Project" by Defendant Carney], Plaintiff received containers of imported furnishings at a warehouse near the Angliana Project site in Kentucky, it delivered furnishings after a storage period to the Angliana Project site, it assembled some of the furnishings, and installed pieces of furniture in the buildings located at the Angliana Project site. See Carney Aff. [Doc. 9-1] at ¶37.

Therefore, Carney argues, the general contractors, subcontractors and Plaintiff's project managers are necessary witnesses to the case; none of which are located in Illinois.

"'Courts interpreting Section 1404(a) must engage in a two-step analysis and determine: (1) whether the action might have been brought in the proposed transferee court; and (2) whether considering all relevant factors, the balance of convenience and the interest of justice 'strongly' favor transfer.'" *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F.Supp.2d 890, 902 (S.D.Ohio May 14, 2013) (quoting *Proctor & Gamble Co. v. Team Tech., Inc.*, No. 1:12–CV–

4

552, 2012 WL 5903126, at *3 (S.D.Ohio Nov. 26, 2012). The instant case is properly before this Court based upon diversity of citizenship pursuant to 28 U.S.C. §1391. As Carney is a resident of Illinois and Ecologic is a resident of Ohio, venue is appropriate in either Court.

Upon review of the factors as stated above and balancing the convenience and the interest of justice, this Court concludes that the motion to transfer is denied. The parties agree that the contracts were negotiated via electronic mail. Ecologic contends that the balance of factors weigh greatly in its favor because a majority of the events that precipitated Carney's complaint relate to events and activities that occurred outside of Ohio and within Illinois. Specifically, Ecologic argues that because the complaint focuses on the alleged failure to pay Carney's invoices, a majority of the key testimony will be derived from Ecologic's operations and management personnel, which are located in Illinois. Further, it contends that as a result of Carney's failure to properly perform under the contracts, it was required to replace the contractor to complete, remove, and replace Carney's allegedly defective work. Thus,

> in order to defend against Carney's allegations, Ecologic Industries will undoubtedly rely upon receiving clerks, inventory clerks, inventory control managers, shipping clerks, supervisors, controllers and the like to establish Ecologic Industries' costs to complete, remove, and replace Carney's defective work and all of these witnesses live in or near Waukegan, Illinois. Furthermore, all of the relevant documents, including emails, purchase orders, warehouse receipts, inventory records, shipping orders, invoices, cancelled checks, and other electronic and hard copy records are located at Ecologic Industries' principal place of business in Waukegan, Illinois.

Doc. 6, pg. 5. Citations omitted.

In response, Carney notes that during the course of providing services under the agreement, it subcontracted the work to various companies in Georgia, Virginia, Kentucky, and Missouri. According to Carney, none of the subcontractors provided any services in connection with Illinois. These projects were supervised by Project Managers from Ohio, invoices were

5

prepared and sent to Ecologic from Ohio and the payments were due and payable to Carney in Ohio.

> Plaintiff's performance of each of the agreements occurred at or near the Project sites in Georgia, Kentucky and Virginia and storage locations near the Project sites, and Plaintiff's performance was coordinated from Ohio.  The agreements were not signed in Illinois and neither Plaintiff nor any of its representatives ever travelled to or were in Illinois in connection with the negotiation of the agreements or Plaintiff's performance of services under the agreements.  As no part of Plaintiff's services was performed within Illinois, contrary to Defendant's above-referenced assertion, the events described in the Complaint did not occur in Illinois, let alone "exclusively within the jurisdiction of the Federal District Court of the Northern District of Illinois, Eastern Division." Def. Mot. [Doc. 6] at p.3. Although Defendant has yet to file an answer, Defendant suggests that it intends to assert defenses concerning Plaintiff's performance of the services, and expenses Defendant allegedly incurred to correct issues with Plaintiff's performance by hiring other subcontractors at the Project site locations. Def. Mot. [Doc. 6] at p.3.  Such allegations also do not support transfer to Illinois, because anything that Defendant may have been required to do to correct or complete Plaintiff's performance must have occurred at the Project sites in Georgia, Virginia or Kentucky  -the locations where Plaintiff was required to perform.  Accordingly, the relevant facts – Plaintiff's performance – do not support a conclusion that any claim arose in Illinois.

It appears from the facts before this Court that relevant evidence is to be found in Ohio, Illinois, Kentucky, Georgia, and Virginia.  It is not limited to Illinois.  The Court recognizes Ecologic's argument that it was required to complete, remove, and replace Carney's allegedly defective work and it did so with contractors and materials from Illinois.  However, considering this argument, it appears that, at best, Ecologic's defense or counterclaim is one that could have been brought independently in Illinois.  As Carney filed in Ohio first, the Court gives great weight to Carney's choice of forum.  *Lewis.*, 135 F.3d at 413.  Ecologic has not satisfied its burden to show that Carney chose the wrong forum.

Ecologic further contends that docket congestion in the Northern District of Ohio weighs in favor of transfer to the Northern District of Illinois. Ecologic points the to the Federal Judicial Caseload Statistics for the proposition that the Northern District of Ohio's 15 sitting judges have a higher case load each than those in the Northern District of Illinois, and therefore, this factor weights in favor of transfer. Ecologic admits that the Northern District of Illinois has a higher overall caseload than the Northern District of Ohio. It contends, however, that the case load *per judge* is higher in the Northern District of Ohio. However, this District's total number of pending civil cases at the end of 2013 (11,067) includes 10 multi-district litigation actions, which are comprised of 8,782 cases, none of which are before the undersigned. Excluding these MDL's the Northern District of Ohio had 2,285 civil cases pending at the conclusion of 2013. As such, these statistics do not favor a transfer of venue to the Northern District of Illinois.

## IV. CONCLUSION

For the reasons set forth above, Defendant Ecologic's motion to transfer venue is DENIED.

IT IS SO ORDERED.

Date:  June 23, 2014                    */s/ John R. Adams*
                                                                  Judge John R. Adams
                                                                   UNITED STATES DISTRICT COURT